**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | |
|---|---|
| ANDREA MERCENA MORRIS, ) | |
| ) | No. 0:12-cv-02799-DCN |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| CAROLYN W. COLVIN, *Acting* ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court on Magistrate Judge Paige J. Gossett's Report and Recommendation ("R&R") that this court affirm Acting Commissioner of Social Security Carolyn Colvin's decision denying plaintiff's application for disability insurance benefits ("DIB"). Plaintiff filed objections to the R&R. For the reasons set forth below, the court rejects the R&R and remands the case for further administrative action.

## I.   BACKGROUND

Unless otherwise noted, the following background is drawn from the R&R.

### A.   Procedural History

Plaintiff Andrea M. Morris ("Morris") filed an application for DIB on July 14, 2008, alleging disability beginning on January 1, 2008. The Social Security Agency denied Morris's claim initially and on reconsideration. Morris requested a hearing before an administrative law judge ("ALJ"), and ALJ Christine E. Dibble held a video hearing on June 29, 2010. The ALJ issued a decision on November 1, 2010, finding Morris not

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this lawsuit.

1

disabled under the Social Security Act. Morris requested Appeals Council review of the ALJ's decision. The Appeals Council declined to review the decision, rendering the ALJ's decision the final action of the Commissioner.

On September 26, 2012 Morris filed this action seeking review of the ALJ's decision. The magistrate judge issued an R&R on January 28, 2014, recommending that this court affirm the ALJ's decision. Morris filed objections to the R&R on February 17, 2014. The Commissioner replied to Morris's objections on March 6, 2014. The matter has been fully briefed and is ripe for the court's review.

### B.    Medical History

Because Morris's medical history is not relevant to the disposition of this case, the court dispenses with a lengthy recitation thereof and instead notes a few relevant facts. Morris was born on August 26, 1961 and was forty-eight years old on the date she was last insured. Tr. 48. She has at least a high school education and past relevant work experience as a cashier, inspector, sewing machine operator, and small business owner. Tr. 129, 134.

### D.    ALJ's Decision

The ALJ employed the statutorily-required five-step sequential evaluation process to determine whether Morris was disabled from January 1, 2008 through June 30, 2010 (Morris's date last insured). The ALJ first determined that Morris did not engage in substantial gainful activity during the period at issue. Tr. 22. At the second step, the ALJ found that Morris suffered from the following severe impairments: degenerative disc disease of the cervical spine; uncontrolled diabetes mellitus with neuropathy and chronic kidney disease Stage III; and uncontrolled hypertension. Id. At step three, the ALJ

determined that Morris's impairments or combination of impairments did not meet or equal one of the listed impairments in the Agency's Listing of Impairments.  Tr. 23; see 20 C.F.R. Part 404, Subpt. P, App'x 1.  Before reaching the fourth step, the ALJ determined that Morris had the residual functional capacity ("RFC") to perform sedentary work, as defined by 20 C.F.R. §404.1567(a), with several limitations.  Id.  Specifically, the ALJ found that Morris could stand in only fifteen-minute increments; sit in thirty-minute increments; and lift or carry no more than five pounds occasionally and no weight frequently.  Id.  The ALJ found, at step four, that Morris was unable to perform any of her past relevant work.  Tr. 25.  Finally, at the fifth step, the ALJ found that considering Morris's age, education, work experience, and RFC, Morris could perform jobs existing in significant numbers in the national economy and therefore concluded that she was not disabled during the period at issue.  Tr. 26-27.

## II.   STANDARD OF REVIEW

This court is charged with conducting a de novo review of any portion of the magistrate judge's R&R to which specific, written objections are made.  28 U.S.C. § 636(b)(1).  A party's failure to object is accepted as agreement with the conclusions of the magistrate judge.  See Thomas v. Arn, 474 U.S. 140, 149-50 (1985).  The recommendation of the magistrate judge carries no presumptive weight, and the responsibility to make a final determination rests with this court.  Mathews v. Weber, 423 U.S. 261, 270-71 (1976).

Judicial review of the Commissioner's final decision regarding disability benefits "is limited to determining whether the findings of the [Commissioner] are supported by substantial evidence and whether the correct law was applied."  Hays v. Sullivan, 907

F.2d 1453, 1456 (4th Cir. 1990).  Substantial evidence is "more than a mere scintilla of evidence but may be somewhat less than a preponderance." Id.  (internal citations omitted).  "[I]t is not within the province of a reviewing court to determine the weight of the evidence, nor is it the court's function to substitute its judgment for that of the [Commissioner] if his decision is supported by substantial evidence." Id.  Where conflicting evidence "allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]," not on the reviewing court.  Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citation omitted).

## III.   DISCUSSION

Morris objects to the R&R on three grounds, which echo the allegations of error she assigned to the ALJ in her initial brief.  Specifically, Morris objects that:  (1) the ALJ did not consider that the vocational expert's testimony required a finding of disabled; (2) the ALJ did not properly evaluate the opinion of her treating physician; and (3) the ALJ did not properly discuss Morris's mental impairments.  Because Morris's second objection provides ground for remand, the court does not consider the remaining objections.

Morris objects to the ALJ's evaluation of the opinions of her treating physician, Dr. Jill Peterson.  Pl.'s Objections 4.  Morris argues that the ALJ failed to adequately explain why he afforded controlling weight to one of the Dr. Peterson's opinions and minimal weight to her other opinions.  Id.  Morris contends that all three opinions should be afforded controlling weight.  Id.

Regulations require that a treating physician's opinion be given controlling weight if that opinion "is well-supported by medically acceptable clinical and laboratory

4

diagnostic techniques and is not inconsistent with the other substantial evidence" in the record.  20 C.F.R. § 404.1527(c)(2); see, e.g., Mastro v. Apfel, 270 F.3d 171, 178 (4th Cir. 2001).  "By negative implication, if a physician's opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."  Craig, 76 F.3d at 590.  In such a circumstance, "the ALJ holds the discretion to give less weight to the testimony of a treating physician in the face of persuasive contrary evidence."  Mastro, 270 F.3d at 178.

If a treating physician's opinion does not merit controlling weight, the ALJ is to evaluate it using the following factors:  (1) whether the physician has examined the applicant; (2) the nature and extent of the treatment relationship; (3) the extent to which the opinion is supported by relevant medical evidence; (4) the extent to which the opinion is consistent with the record as a whole; (5) the relevance of the physician's medical specialization to the opinion; and (6) any other factor that tends to support or contradict the opinion.  20 C.F.R. § 404.1527(c); see SSR 96–2p; Hines v. Barnhart, 453 F.3d 559, 563 (4th Cir. 2006).  However, the Fourth Circuit has not mandated an express discussion of each factor and another court in this district has held that "an express discussion of each factor is not required as long as the ALJ demonstrates that he applied the . . . factors and provides good reasons for his decision."  Hendrix v. Astrue, No. 1:09-cv-1283, 2010 WL 3448624, at *3 (D.S.C. Sept. 1, 2010); see § 404.1527(c)(2) (requiring ALJ to give "good reasons" for weight given to treating source's opinion).  A district court will not disturb an ALJ's determination as to the weight to be assigned to a medical opinion, including the opinion of a treating physician, "absent some indication that the ALJ has dredged up 'specious inconsistencies' . . . or has not given good reason for the weight

afforded a particular opinion." Craft v. Apfel, 164 F.3d 624, 1998 WL 702296, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision) (internal citation omitted).

In her decision, the ALJ considered the opinions of Dr. Peterson. Tr. 25. Dr. Peterson gave three separate opinions, each dated June 8, 2010. See Tr. 372-77. According to the titles on the documents, each contained a medical statement regarding a different condition: "diabetes," "low back pain," and "cervical spine disorders," respectively. Id. The ALJ gave controlling weight to Dr. Peterson's opinion regarding diabetes, finding that it was consistent with the treatment record. Tr. 25. On the other hand, the ALJ gave the remaining two opinions "minimal weight" because they are "not supported by Dr. Peterson's notes, which reflect treatment primarily for diabetes, hypertension, and kidney disease." Id. The ALJ's reasoning is somewhat curious because the medical statement titled "regarding diabetes" contains the following hand-written note in the comments section: "Limitations are based on low back & neck symptoms, not DM [diabetes mellitus]." Tr. 372. Therefore, the ALJ's rationale for giving Dr. Peterson's second and third opinions minimal weight applies equally to her first opinion, which the ALJ gave controlling weight. Moreover, the ALJ fails to explain how Dr. Peterson's first opinion is consistent with the treatment record while her second and third opinions are not.

Based on the above, it is not possible for this court determine whether the ALJ has given good reasons for the weight afforded Dr. Peterson's second and third opinions, and therefore whether the ALJ's decision is supported by substantial evidence. The court remands the case to the Commissioner for further administrative action. When reviewing the case on remand, the ALJ should also consider the rest of Morris's objections.

## IV.   CONCLUSION

Based on the foregoing, the court **REJECTS** the magistrate judge's R&R, **REVERSES** the Commissioner's decision, and **REMANDS** under sentence four of 42 U.S.C. §405(g) for further proceedings.

**AND IT IS SO ORDERED**.

 

**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**March 14, 2014**
**Charleston, South Carolina**

7